J. I. WELLS v. THE STATE.

No. 20723. Delivered January 10, 1940.

The opinion states the case.

*Price & Moss,* of Post, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is possession of beer in a dry area for the purpose of sale; the punishment a fine of $100.

The testimony of the arresting officers was to the effect that they secreted themselves near the back part of appellant's cafe; that they saw some person approach in a truck and stop just back of the cafe; that appellant and Dock Kyle carried from the back of the cafe two cases of beer, Dock Kyle carrying one of said cases; that they placed the beer in a car which was being driven by Dock Kyle; that at this juncture the officers took charge of the beer and arrested appellant.

Testifying in his own behalf, appellant denied that the beer belonged to him. It was his version that the truck driver purchased it in wet territory and had brought it to the back of appellant's restaurant for Dock Kyle; that he permitted the beer to remain on his premises merely as an accommodation to Kyle.

The court charged the jury, in part, as follows: "In this connection, you are further instructed that under the law when one stands charged with the offense of possessing liquor for the purpose of sale, the possession by the defendant of more than one quart of such liquor is prima facie evidence of guilt." This charge was properly and timely excepted to by the appellant. The exception was well taken. The complaint and information charged the possession of beer for the purpose of sale. Subdivision (b), Art. 667-25, Vernon's Texas P. C., provides: "Possession by any person in any dry area of beer in any quantity exceeding twenty-four (24) bottles having a capacity of twelve (12) ounces each shall be prima facie evidence of possession for the purpose of sale in a dry area." Manifestly, the charge given by the court was not warranted by the statute.

Upon another trial the court should submit appellant's affirmative defense as presented in his requested instruction No. 2.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.